# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**755**

**CA 11-00107**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

GRAY-LINE OF NIAGARA FALLS, INC.,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CINCINNATI INSURANCE COMPANIES,
DEFENDANT-APPELLANT,
AND ANN MARIE TRUSSO, DEFENDANT-RESPONDENT.

---

GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (ANNA FALICOV OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Frank A. Sedita, Jr., J.), entered October 28,
2010 in a declaratory judgment action. The order and judgment granted
plaintiff's motion for summary judgment and denied the cross motion of
defendant Cincinnati Insurance Companies for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, plaintiff's motion
is denied, the cross motion is granted and judgment is granted in
favor of defendant Cincinnati Insurance Companies as follows:

It is ADJUDGED and DECLARED that defendant Cincinnati
Insurance Companies has no duty to defend or indemnify
plaintiff in the underlying action in federal court.

Memorandum: Plaintiff commenced this action seeking judgment
declaring that Cincinnati Insurance Companies (defendant) is obligated
to defend and indemnify it in the underlying action commenced in
federal court by defendant Ann Marie Trusso, one of plaintiff's
employees. In that underlying action, Trusso sought damages for,
inter alia, injuries sustained by her when she was sexually assaulted
by a person also employed by plaintiff. We agree with defendant that
Supreme Court erred in granting plaintiff's motion for summary
judgment against defendant. The commercial liability policy issued by
defendant to plaintiff excludes coverage where "[a]n 'employee' of the
insured sustain[s a bodily injury] in the 'workplace.' " There is no

dispute that Trusso was plaintiff's employee at the time of the incident and that she was working at the tour booth pursuant to plaintiff's directive when the incident occurred.  Thus, the exclusion applies as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff and Trusso argue that coverage is nonetheless available because Trusso's injuries were unrelated to the performance of employment duties.  We note that there is also a separate policy exclusion for bodily injuries to "[a]n 'employee' of the insured arising out of the performance of duties related to the conduct of the insured's business."  Inasmuch as the policy separately excludes coverage for injuries that occur in the workplace as well as injuries that are work-related, the fact that Trusso's injuries were unrelated to the performance of employment duties is of no moment (*see generally Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162, *rearg denied* 5 NY3d 825; *Progressive Halcyon Ins. Co. v Giacometti*, 72 AD3d 1503, 1506).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court